1841.

Jay
v.
Ensign.

JAY, executor, &c. *vs.* ENSIGN & SHERWOOD.

A defendant in a foreclosure suit who does not put in an actual disclaimer, is not entitled to costs, as a matter of course, under the 133d rule of the court of chancery, although the complainant did not serve a notice, with the subpœna, that he made no personal claim against such defendant.

A subsequent purchaser or mortgagee of the premises, who has a present and subsisting interest therein which makes him a necessary party to a bill to foreclose a prior mortgage, cannot disclaim. And to entitle such a party to costs, under the provisions of the 133d rule, he must show that he has been misled by the neglect to serve notice of the object and intent of the suit; and that his sole object in employing a solicitor was to protect himself, or to ascertain whether a personal claim was made against him, or his property which was not covered by the prior mortgage.

July 20. THE bill in this case was filed to foreclose a mortgage given by the defendant Ensign ; and M. B. Sherwood was made a party defendant as having an interest in the mortgaged premises, as a subsequent purchaser or otherwise. The bill was taken as confessed against Ensign for not appearing, and against Sherwood for not answering after he had appeared by a solicitor. At the time of serving the subpœna upon Sherwood, a notice was served on him stating the object of the suit, as authorized by the 133d rule ; but the notice omitted to state that the complainant made no personal claim against him. In consequence of this omission, the defendant Sherwood appeared, when the decree was moved for, and claimed his costs against the complainant.

*M. T. Reynolds,* for the complainant.

*S. J. Cowen,* for the defendant Sherwood.

THE CHANCELLOR. A defendant who does not put in an actual disclaimer is not entitled to costs, as a matter of course, under the 133d rule of this court. And a subsequent purchaser, or mortgagee, who has a subsisting interest in the premises, cannot put in a disclaimer ; which is a denial

upon oath that he has or claims any right or interest in the premises against which the complainant seeks a foreclosure and sale to satisfy his prior mortgage. The object of Chancellor Sanford's rule was to relieve the complainants, in mortgage cases, from the expense of unnecessary disclaimers, put in by defendants who were merely formal parties to the suit, and against whom no personal decree was sought. And the addition to the rule, which was made in the revision of the first of January, 1830, was only intended to give the court a discretionary power, to charge costs upon the complainant; where it appeared that his neglect to give the notice authorized by that rule had actually subjected a defendant, who had no real interest to protect in the suit, to the costs of employing a solicitor. To entitle a defendant, therefore, to costs under the rule, where he appears by a solicitor but does not disclaim, he must satisfy the court that he has been misled, as to the object of the suit and the relief sought against him, in consequence of the neglect of the complainant to give the usual notice ; and that his sole object in employing a solicitor was to protect himself or his property from an unjust claim which he supposed the complainant might have made against him by the bill.

In the present case there is no affidavit on the part of Sherwood to show that he was misled by this notice as to the real object of the suit. And it may be that the defendant Sherwood was in possession of the mortgaged premises, as a subsequent purchaser, and that he employed the solicitor for the mere purpose of delaying the complainant in obtaining a decree of sale.

The application for costs is, therefore, denied. And the usual decree of foreclosure and sale must be entered ; with a decree over against the defendant Ensign for the deficiency, if the mortgaged premises do not sell for enough to pay the complainant's debt and costs.